**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

| | |
|---|---|
| Valerie Fields, | C/A No.: _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| | (Jury Trial Demanded) |
| Denmark Technical College, | |
| Defendant. | |

Plaintiff, by and through undersigned counsel, complaining of Defendant herein, alleges as follows:

1. Plaintiff, Valerie Fields, (hereinafter "Plaintiff") is a citizen and resident of Orangeburg County, South Carolina, and she was employed as the Chief Academic Officer, Vice President for Academic Affairs for Denmark Technical College until her termination on March 10, 2016.

2. Defendant, Denmark Technical College (hereinafter "Denmark Tech" or "Defendant") is a two-year college and exists to educate students in various trades. Defendant Denmark Tech is headquartered and operates in Bamberg County, South Carolina.

3. This action arises under Title VII of the 1964 Civil Rights Act, 42 U.S.C. 2000e *et seq*. ("Title VII") and amendments thereto including the Lilly Ledbetter Fair Pay Act of 2009, 123 Stat. 5, 6 and 7; the Equal Pay Act of 1963, 29 U.S.C. 206(d), and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, and amendments thereto ("ADA").

4. Plaintiff filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC") and the S.C. Human Affairs Commission ("SCHAC") and received her Notice of Right to Sue, and this action is timely filed.

5. Jurisdiction and venue are proper in the Orangeburg Division of the District of South Carolina where this lawsuit is filed as the parties reside and/or operate within the Orangeburg and Bamberg Counties and the events described herein occurred in Bamberg County.

## FACTUAL ALLEGATIONS

6. Plaintiff, an African-American female, was employed by Denmark Tech since July 1, 2014. Throughout her employment at Denmark Tech, Plaintiff served as the Vice President for Academic Affairs. During her time at Denmark Tech, Plaintiff also served as the Director of Professional Development within the Division of Academic Affairs and as Interim Vice President for Student Services. For the duration of her employment, she reported to Dr. Leonard McIntyre (hereinafter "McIntrye").

7. McIntyre created two new positions, Chief of Staff, Lamine Drammeh, and Associate Vice President for Enrollment Management, Marcus Corbett in 2014. Both were in comparative roles as Plaintiff in the Administration of Denmark Tech. Neither individual had the job experience related to the position they obtained nor did they have the years of experience in higher education that Plaintiff had in her Vice President roles with Denmark Tech.

8. In December of 2014, Plaintiff received an "Exceptional" evaluation from her supervisor, McIntyre.

9. On July 27, 2015, Plaintiff was appointed to the position of Interim Vice President for Student Services, effective August 1, 2015, in addition to serving as Vice President for Academic Affairs. A temporary salary adjustment in the amount of $573.00 per pay period was agreed upon. The document was signed Plaintiff and returned to Defendant.

10. On July 30, 2015, Plaintiff received another letter that stated Plaintiff would receive a 10% temporary salary adjustment in the amount of $382.50 per pay period until further notice.

Plaintiff did not sign the letter. Plaintiff did not agree with the 10% temporary salary adjustment. Plaintiff asked to speak with McIntyre regarding his decision, he continued to delay meeting with Plaintiff.

11. Plaintiff and McIntyre met briefly on August 10, 2015 and McIntyre communicated that the 10% would stay for now and he and Plaintiff would revisit the matter again on October 1, 2015. After the meeting, Plaintiff emailed a note to McIntyre reiterate their conversation. The email included an attachment with the note to McIntyre, an illustration of salaries, the unsigned letter dated July 30, 2016, and the signed letter dated July 27, 2016.

12. On or around August 26, 2015, McIntyre commented to Plaintiff that he was "sick of [her]" and she was "undermining him." These comments were witnessed by Denmark Tech employees and the Chairman of the Denmark Technical College Commission.

13. On September 14, 2015, Plaintiff mailed a formal complaint to the Denmark Technical College Area Commissioners.

14. Following the submission of her complaint, Plaintiff was involuntarily reassigned without cause or explanation from Interim Vice President for Student Services on November 30, 2015. Plaintiff had previously been appointed to the Interim Vice President for Student Services position on July 27, 2015 to serve in addition to her position as Vice President of Academic Affairs. Contemporaneous with the reassignment, the Office of Academic Affairs that Plaintiff oversaw, gained more areas to manage including Academic Counselors, Title IX Coordinator, Disability Services, and Professional Development.

15. On February 10, 2016, McIntyre sent an email communicating to Area Commissioners that Plaintiff was in a serious car accident where she struck and killed a man who had walked out in front of her. He further indicated that Plaintiff had called him, when instead he

had called her. While Plaintiff had been involved in a car accident, it had been determined that she was not at fault in any way.

16. Plaintiff was under medical care after the accident on February 10, 2016.

17. Plaintiff was diagnosed with Acute Stress Disorder.

18. Plaintiff submitted documentation from her doctor to Defendant and requested an accommodation to work half days following the vehicular accident.

19. In February 2016, Plaintiff received the Administrator of the Year Award at the South Carolina Technical Education Association Annual Conference.

20. On March 10, 2016, Plaintiff was involuntarily discharged by McIntyre. Despite that Plaintiff had never received a reprimand and she was exceeding the expectations of her employer in the performance of her duties. McIntyre falsely alleged that Plaintiff had advised another employee to seek legal counsel against him and then stated he could not have Plaintiff on his leadership team. Chief Elton Schuler was called out of class to escort Plaintiff out of the building.

**FOR A FIRST CAUSE OF ACTION**
**(Sex Discrimination; 42 U.S.C. § 2000e *et seq*.)**

21. Where not inconsistent herewith, the foregoing are realleged paragraphs.

22. Plaintiff is a female, and a former employee of Defendant.

23. The adverse employment actions taken by Defendant against Plaintiff include denial of fair compensation and termination; Plaintiff's sex was the direct and proximate cause of the adverse employment actions taken by Defendant's agents and employees, acting within the course and scope of their duties, which violated the Civil Rights Act of 1964, for which Defendant is liable.

24.     At all times, Plaintiff performed her job aptly and the stated basis for her termination is pretext.

25.     Defendant has violated Plaintiff's rights under Title VII of the Civil Rights Act and has directly and proximately caused her damages, for which it is liable, including: loss of salary and benefits, back pay, front pay, retirement benefits, medical and life insurance benefits, and other fringe benefits, as well as compensatory damages for physical, mental, and emotional suffering. Further, Defendant's conduct was willful and wanton and Plaintiff is entitled to punitive damages for the same. Plaintiff also requests pre-judgment interest and attorney's fees and costs of this action.

## FOR A SECOND CAUSE OF ACTION
### (Disability Discrimination, 42 U.S.C. § 12101 *et seq*., and amendments thereto)

26.     Where not inconsistent herewith, the foregoing are realleged paragraphs.

27.     Plaintiff suffered from Acute Stress Disorder, which is a disability within the meaning of the ADA. Defendant was on notice of Plaintiff's disability.

28.     Plaintiff was treated for that disability immediately prior to and at the time Defendant terminated her employment.

29.     Defendant terminated Plaintiff because of her disability in violation of the ADA.

30.     As a direct and proximate result of the violations of her civil rights under the ADA by Defendant, Plaintiff suffered the loss of her income and employment benefits, physical and mental injuries and other intangible damages and other compensatory damages. Plaintiff is entitled to an award of actual damages for the willful and intentional acts of Defendant through its agents and employees, for reasonable attorney's fees, and costs of this cause of action.

## FOR A THIRD CAUSE OF ACTION
### (Retaliation; 42 U.S.C. § 2000e *et seq*.)

31. Where not inconsistent herewith, the foregoing are realleged paragraphs.

32. Plaintiff engaged in protected activities when she complained about discriminatory treatment by McIntyre to Denmark Tech's Commissioners.

33. Plaintiff had a positive record of employment with Defendant prior to her complaints of discrimination. Following Plaintiff's engaging in protected activities, Defendant retaliated against Plaintiff because of her protected activity by involuntarily reassigning her on November 30, 2015 and terminating Plaintiff's employment on March 10, 2016.

34. Defendant's conduct constitutes unlawful retaliation in violation of protected activities outlined in Title VII of the Civil Rights of 1964, for which it is liable.

35. For the retaliation alleged, Defendant is liable to Plaintiff for: loss of salary and benefits, back pay, front pay, retirement benefits, medical and life insurance benefits, and other fringe benefits, as well as physical, mental and emotional suffering and other compensatory damages. Further, Defendant's conduct was willful and wanton and Plaintiff is entitled to punitive damages for the same. Plaintiff also requests pre-judgment interest and attorney's fees and costs of this action.

**FOR A FOURTH CAUSE OF ACTION**
**(Violation of the Equal Pay Act)**

36. Where not inconsistent herewith, the foregoing are realleged paragraphs.

37. During her employment with Defendant, Plaintiff was a salaried employee. During her employment for Defendant, Plaintiff performed work of equal skill, effort, and responsibility compared to the work of one or more male employees.

38. Plaintiff's work responsibilities and conditions remained similar and nearly identical to those of her male counterpart. The male pay comparator was paid a higher salary than Plaintiff.

39. The male employee continued to earn a higher salary than Plaintiff, which constitutes a violation of 29 U.S.C. § 206(d)(1).

40. Had Plaintiff been paid equal wages to those of her similarly situated male counterparts, she would have earned additional income.

41. Plaintiff complained about the unequal wages. Thus, Defendant either knew or showed reckless disregard for the matter of whether its conduct violated the law.

42. For the willful violation of the Equal Pay Act, Defendant is liable to Plaintiff for underpayment for the three years before the date the lawsuit is filed through the date of the verdict and an additional equal amount as liquidated damages. Plaintiff also requests pre-judgment interest and attorney's fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for actual and compensatory damages as plead above in an amount to be determined by a jury, as well as an award of punitive and liquidated damages to the extent allowed by law. Plaintiff further prays for pre-judgment interest and attorneys' fees and costs associated with this action.

Respectfully submitted,

**CROMER BABB PORTER & HICKS, LLC**

BY: s/Shannon Polvi
J. Lewis Cromer (FID 362)
Shannon M. Polvi (FID 11978)
1418 Laurel Street, Suite A (29201)
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax     803-799-9533
*Attorneys for Plaintiff*

May 15, 2017
Columbia, South Carolina